IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TERRELL JUSTIN ROGERS | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-160 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant, Terrell Justin Rongers, a federal prisoner currently confined USP McCreary, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

Movant pleaded guilty to possession of a firearm. *United States v. Rogers*, 9:13-CR-15 (doc. #29). Movant was sentenced to a ninety (90) month term of imprisonment on September 14, 2014 (doc. #38). Movant filed a notice of appeal on September 11, 2014 (doc. #41), which was dismissed as frivolous on October 23, 2015 (doc. #56). Movant did not file a writ of certiorari to the United States Supreme Court.

Movant filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on December 17, 2018. *Rogers v. United States*, Civil Action No. 9:18-CV-220 (doc #1). On January 6, 2020, Movant's first motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 was dismissed as procedurally barred (doc. #5 & 6).[1]

---

[1] Movant conceded he raised his points of error on appeal.

Movant filed the above-referenced, second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on September 7, 2023 (doc. #1). Movant argues "ineffective assistance of counsel for allowing a substantial due process unconstitutional violations [sic] Fifth Amendment requirements; of failures of fiduciary duties and obligations against Sixth Amendment to properly assist [Movant] against a non-offense that is not a qualifying crime in light of *Rehaif v. United States*." 588 U.S. __, 139 S. Ct. 2191 (2019). Because Movant's first § 2255 motion was not a decision on the merits, this court does not consider this second § 2255 motion successive.

## Analysis

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted as initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4). The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In *United States v. Kelley*, the Fifth Circuit Court of Appeals held that "the Supreme Court in *Rehaif* recognized a new right that applies retroactively to cases on collateral review." 40 F. 4th 250, 253 (5th Cir. 2022). Under § 2255(f)(3), Movant must have filed his § 2255 motion within one year of the *Rehaif* decision, which was issued on June 21, 2019. Movant's present motion was not filed until September 7, 2023, over three years too late.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is

appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *See Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365. The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) (emphasis in original).

Movant does not allege that he is entitled to equitable tolling, and he has presented no facts suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. The court finds the motion is untimely pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## Recommendation

This motion to vacate, set aside or correct sentence should be dismissed with prejudice as time-barred.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Services Automobile Associatio*n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 13th day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE